## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD BLUMENTHAL, PATRICK LEAHY, SHELDON WHITEHOUSE, MAZIE K. HIRONO, CORY A. BOOKER, and KAMALA D. HARRIS, Members of the United States Senate Committee on the Judiciary, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br> 8601 Adelphi Rd. <br> College Park, MD 20740 <br><br> and <br><br> U.S. CENTRAL INTELLIGENCE AGENCY <br> Office of General Counsel <br> 1000 Colonial Farm Rd. <br> McLean, VA 22101 <br><br> *Defendants*. | Case No. 18-cv-2143 |

## COMPLAINT

1.      Plaintiffs Richard Blumenthal, Patrick Leahy, Sheldon Whitehouse, Mazie K. Hirono, Cory A. Booker, and Kamala D. Harris bring this action against the U.S. National Archives and Records Administration and the U.S. Central Intelligence Agency under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because the U.S. National Archives and Records Administration failed to respond to Plaintiffs' request for expedited processing, Plaintiffs are now entitled to judicial review of that claim under 5 U.S.C. § 552(a)(6)(E)(iii).

5.      Because Defendants have failed to comply with other applicable time-limit provisions of the FOIA, Plaintiffs are deemed to have constructively exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6.      Plaintiffs Richard Blumenthal, Patrick Leahy, Sheldon Whitehouse, Mazie K. Hirono, Cory A. Booker, and Kamala D. Harris are United States Senators and members of the Senate Committee on the Judiciary ("Judiciary Committee").

7.      Defendant U.S. National Archives and Records Administration (NARA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). NARA has possession, custody, and control of the records that Plaintiffs seek.

8.      Defendant U.S. Central Intelligence Agency (CIA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CIA has possession, custody, and control of the records that Plaintiffs seek.

2

## STATEMENT OF FACTS

### *NARA FOIA Request*

9.      On August 8, 2018, Plaintiffs and other members of the Judiciary Committee submitted a FOIA request to NARA, seeking records related to activities of Judge Brett Kavanaugh, who has been nominated to the U.S. Supreme Court, during the time that Judge Kavanaugh served in the administration of President George W. Bush (the "NARA FOIA Request").

10.      Specifically, the NARA FOIA Request sought:

1) Records from Mr. Kavanaugh's service as a Senior Associate Counsel to the President, including all records preserved in his staff files, and those records created by Mr. Kavanaugh that can readily be found in the files of other White House staff members, the White House Counsel's Office files, other White House offices' files, and the Subject Matter Files maintained by the Staff Secretary and/or the White House Office of Records Management;

2) Records from Mr. Kavanaugh's service as Assistant to the President and Staff Secretary, including all records preserved in his staff files, and those records created by Mr. Kavanaugh that can readily be found in the files of other White House staff members, the White House Counsel's Office files, other White House offices' files, and the Subject Matter Files maintained by the Staff Secretary and/or the White House Office of Records Management;

3) Records relating to Mr. Kavanaugh's nomination to the United States Court of Appeals for the District of Columbia Circuit;

4) All electronic mail to, from, carbon copying (cc'ing), or blind carbon copying (bcc'ing) Mr. Kavanaugh in his White House tenure, including any documents attached to such emails;

5) To the extent they are not included in response to categories (1) through (4), all records containing documents written by, edited by, prepared in whole or in part by, under the supervision of, or at the direction of Mr. Kavanaugh, as well as documents referencing Mr. Kavanaugh by name, initials, or title, and documents received by or sent to him.

A copy of the NARA FOIA Request is attached hereto as Exhibit A and incorporated herein.

11.     The NARA FOIA Request pointed out that "FOIA requires that agencies disclose records to Congress that it may otherwise legitimately withhold from the public," and that each member of Congress "is entitled to request such information from the executive agencies as will enable him to carry out the responsibilities of a legislator." Ex. A at 2.

12.     The NARA FOIA also noted that "the Presidential Records Act requires that Presidential records of former Presidents be made available to Congress." *Id.*

13.     The NARA FOIA Request further stated that the signatories to the request required the requested records "[i]n order to fulfill [their] constitutional duty to advise the President on the nomination of Mr. Kavanaugh . . . ." *Id.* at 2.

14.     Plaintiffs requested expedited processing of the NARA FOIA Request pursuant to the FOIA statute and NARA regulations. *See id.* at 2–4.

15.     The NARA FOIA Request relates to a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See id.*

16.     On August 8, 2018, NARA acknowledged receipt of the NARA FOIA Request by email.

17.     As of the date of this complaint, Plaintiffs have received no further communications from NARA regarding the NARA FOIA Request, including Plaintiffs' request for expedited processing.

*Bush Library FOIA Request*

18.     On August 8, 2018, Plaintiffs and other members of the Judiciary Committee submitted a FOIA request to NARA's component, the George W. Bush Presidential Library and Museum (the "Bush Library"), seeking records related to activities of Judge Brett Kavanaugh,

who has been nominated to the U.S. Supreme Court, during the time that Judge Kavanaugh

served in the administration of President George W. Bush (the "Bush Library FOIA Request").

19.     Specifically, the Bush Library FOIA Request sought:

1) Records from Mr. Kavanaugh's service as a Senior Associate Counsel to the President, including all records preserved in his staff files, and those records created by Mr. Kavanaugh that can readily be found in the files of other White House staff members, the White House Counsel's Office files, other White House offices' files, and the Subject Matter Files maintained by the Staff Secretary and/or the White House Office of Records Management;

2) Records from Mr. Kavanaugh's service as Assistant to the President and Staff Secretary, including all records preserved in his staff files, and those records created by Mr. Kavanaugh that can readily be found in the files of other White House staff members, the White House Counsel's Office files, other White House offices' files, and the Subject Matter Files maintained by the Staff Secretary and/or the White House Office of Records Management;

3) Records relating to Mr. Kavanaugh's nomination to the United States Court of Appeals for the District of Columbia Circuit;

4) All electronic mail to, from, carbon copying (cc'ing) or blind carbon copying (bcc'ing) Mr. Kavanaugh in his White House tenure, including any documents attached to such emails;

5) To the extent they are not included in response to categories (1) through (4), all records containing documents written by, edited by, prepared in whole or in part by, under the supervision of, or at the direction of Mr. Kavanaugh, as well as documents referencing Mr. Kavanaugh by name, initials, or title, and documents received by or sent to him.

A copy of the Bush Library FOIA Request is attached hereto as Exhibit B and incorporated

herein.

20.     The Bush Library FOIA Request pointed out that "FOIA requires that agencies

disclose records to Congress that it may otherwise legitimately withhold from the public," and

that each member of Congress "is entitled to request such information from the executive

agencies as will enable him to carry out the responsibilities of a legislator." Ex. B at 2.

21.     The Bush Library FOIA also noted that "the Presidential Records Act requires that Presidential records of former Presidents be made available to Congress." *Id.*

22.     The Bush Library FOIA Request further stated that the signatories to the request required the requested records "[i]n order to fulfill [their] constitutional duty to advise the President on the nomination of Mr. Kavanaugh . . . ." *Id.*

23.     Plaintiffs requested expedited processing of the Bush Library FOIA Request pursuant to the FOIA statute and NARA regulations. *See id.* at 2–4.

24.     The Bush Library FOIA Request relates to a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See id.*

25.     On August 9, 2018, the Bush Library acknowledged receipt of the Bush Library FOIA Request by email and an attached letter, and granted Plaintiffs' request for expedited processing.

26.     The Bush Library's August 9, 2018 email noted that certain records potentially responsive to the request were available on its website, but the email and attached letter provided no further specific detail concerning when Plaintiffs' request would be fulfilled.

27.     Following subsequent communications between Plaintiffs' representative and the Bush Library on August 10, 2018 concerning Plaintiffs' request for a waiver of fees associated with the Bush Library FOIA Request, the Bush Library sent a revised acknowledgement letter, updating the portions regarding fees, but otherwise identical to the August 9, 2018 letter.

28.     On September 12, 2018, the Bush Library sent an interim response, purporting to provide records in response to the component of the Bush Library FOIA Request related to Mr.

Kavanaugh's nomination to the United States Court of Appeals for the District of Columbia Circuit.

29.     Plaintiffs have received no response concerning the remaining categories of records sought in the Bush Library FOIA Request.

30.     As of the date of this complaint, Plaintiffs have not received further communications from the Bush Library regarding the Bush Library FOIA Request.

*CIA FOIA Request*

31.     On August 8, 2018, Plaintiffs and other members of the Judiciary Committee submitted a FOIA request to CIA, seeking records related to activities of Judge Brett Kavanaugh, who has been nominated to the U.S. Supreme Court, during the time that Judge Kavanaugh served in the administration of President George W. Bush (the "CIA FOIA Request").

32.     Specifically, the CIA FOIA Request sought:

1) All records, including but not limited to emails, memoranda, print or other correspondence, notices, attachments, and directives addressed to, from, carbon copying (cc'ing), or blind carbon copying (bcc'ing) Mr. Kavanaugh.
2) All records, including but not limited to emails, memoranda, correspondence, notices and directives, discussing or mentioning Mr. Kavanaugh.
3) Records relating to Mr. Kavanaugh's nomination to the United States Court of Appeals for the District of Columbia Circuit.
4) To the extent they are not included in response to categories (1) through (3), all records containing documents written by, edited by, prepared in whole or in part by, under the supervision of, or at the direction of Mr. Kavanaugh, as well as documents referencing Mr. Kavanaugh by name, initials, or title, and documents received by or sent to him.

A copy of the CIA FOIA Request is attached hereto as Exhibit C and incorporated herein.

33.     The CIA FOIA Request pointed out that "FOIA requires that agencies disclose records to Congress that it may otherwise legitimately withhold from the public," and that each

member of Congress "is entitled to request such information from the executive agencies as will

enable him to carry out the responsibilities of a legislator." Ex. C at 2.

34.    The CIA FOIA Request further stated that the signatories to the request required

the requested records "[i]n order to fulfill [their] constitutional duty to advise the President on

the nomination of Mr. Kavanaugh . . . ." *Id.* at 2.

35.    On September 1, 2018, Plaintiffs received a letter from CIA dated August 17,

2018, acknowledging receipt of the CIA FOIA Request and assigning the request tracking

number F-2018-02283.

36.    As of the date of this complaint, Plaintiffs have not received further

communications from CIA regarding the CIA FOIA Request.

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**
*(as to NARA)*

37.    Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them

as though fully set forth herein.

38.    Plaintiffs properly requested records within the possession, custody, and control

of NARA on an expedited basis.

39.    NARA is an agency subject to FOIA, and it must process FOIA requests on an

expedited basis pursuant to the requirements of FOIA and its regulations.

40.    The records sought relate to a subject of heightened media interest implicating

questions concerning the government's integrity. Therefore, Plaintiffs' FOIA request justified

expedited processing under FOIA and NARA's regulations.

41.    NARA failed to ensure that a determination of whether to provide expedited

processing was made and notice of that determination was provided to Plaintiffs within ten days

after the date of the FOIA requests.

42.    NARA's failure to grant expedited processing of the FOIA requests violated

FOIA and NARA regulations.

43.    Plaintiffs are therefore entitled to declaratory and injunctive relief requiring

NARA to grant expedited processing of the NARA FOIA Request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**
*(As to All Defendants)*

44.    Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them

as though fully set forth herein.

45.    Plaintiffs properly requested records within the possession, custody, and control

of NARA and CIA.

46.    NARA and CIA are agencies subject to FOIA and must therefore make

reasonable efforts to search for requested records.

47.    NARA has failed to promptly review agency records for the purpose of locating

those records that are responsive to the NARA FOIA Request and to outstanding portions of the

Bush Library FOIA Request.

48.    CIA has failed to promptly review agency records for the purpose of locating

those records that are responsive to the CIA FOIA Request

49.    NARA's and CIA's failure to conduct adequate searches for responsive records

violates FOIA.

50.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring

Defendants to promptly make reasonable efforts to search for records responsive to Plaintiffs'

FOIA requests.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**
*(As to All Defendants)*

51.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them

as though fully set forth herein.

52.     Plaintiffs properly requested records within the possession, custody, and control

of NARA and CIA.

53.     NARA and CIA are agencies subject to FOIA and must therefore release in

response to a FOIA requests any non-exempt records and provide a lawful reason for

withholding any materials.

54.     NARA is wrongfully withholding non-exempt agency records requested by

Plaintiffs by failing to produce non-exempt records responsive to the NARA FOIA Request and

to outstanding portions of the Bush Library FOIA Request.

55.     NARA is wrongfully withholding non-exempt agency records requested by

Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive

to the NARA FOIA Request and to outstanding portions of the Bush Library FOIA Request.

56.     CIA is wrongfully withholding non-exempt agency records requested by Plaintiffs

by failing to produce non-exempt records responsive to the CIA FOIA Request.

57.     CIA is wrongfully withholding non-exempt agency records requested by Plaintiffs

by failing to segregate exempt information in otherwise non-exempt records responsive to the

CIA FOIA Request.

58.     NARA's and CIA's failure to provide all non-exempt responsive records violates FOIA.

59.     Plaintiffs are therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to:

(1) Order NARA to expedite the processing of the NARA FOIA Request identified in this Complaint;

(2) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to the FOIA requests identified in this Complaint;

(3) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA requests identified in this Complaint and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to the FOIA requests identified in this Complaint;

(5) Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: September 17, 2018

Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
beth.france@americanoversight.org
john.bies@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in
the District of Columbia under the
supervision of members of the D.C. Bar while
application for D.C. Bar membership is
pending.