# Exhibit C

**United States Senate**
WASHINGTON, DC 20510

August 8, 2018

Ms. Allison Fong
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Dear Ms. Fong,

    Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Central Intelligence Agency's FOIA regulations, 32 C.F.R. §§ 1900 et seq., we hereby request that you produce the following records involving Brett Kavanaugh during his time as an associate in the White House Counsel's office from January 2001 to July 2003 and as White House Staff Secretary from July 2003 to May 2006.

**Requested Records**

    We request that the Central Intelligence Agency produce the following records:

1. All records, including but not limited to emails, memoranda, print or other correspondence, notices, attachments, and directives addressed to, from, carbon copying (cc'ing), or blind carbon copying (bcc'ing) Mr. Kavanaugh.
2. All records, including but not limited to emails, memoranda, correspondence, notices, and directives, discussing or mentioning Mr. Kavanaugh.
3. Records relating to Mr. Kavanaugh's nomination to the United States Court of Appeals for the District of Columbia Circuit.
4. To the extent they are not included in response to categories (1) through (3), all records containing documents written by, edited by, prepared in whole or part by, under the supervision of, or at the direction of Mr. Kavanaugh, as well as documents referencing Mr. Kavanaugh by name, initials, or title, and documents received by or sent to him.

    FOIA requires that agencies disclose records to Congress that it may otherwise legitimately withhold from the public. 5 U.S.C. § 552(d). As the D.C. Circuit has explained, "all Members have a constitutionally recognized status entitling them to share in general congressional powers and responsibilities, many of them requiring access to executive information," and therefore "it would be an inappropriate intrusion into the legislative sphere" for the court to decide that only Congress acting as a whole or only a committee or chairman "shall be regarded as the official voice of Congress." *Murphy v. Department of Army*, 613 F.2d 1151, 1157 (D.C. Cir. 1979). Indeed, the court in that case emphasized that each member of Congress "participates in the law-making process; each has a voice and a vote in that process;

Case 1:18-cv-02143   Document 1-8   Filed 09/17/18   Page 3 of 5


and each is entitled to request such information from the executive agencies as will enable him to carry out the responsibilities of a legislator." *Id.*

In order to fulfill our constitutional duty to advise the President on the nomination of Mr. Kavanaugh as members of the United States Senate, we need access to the records requested herein. Therefore, we expect that any withholdings that your agency might apply to an ordinary request will be waived when disclosing records in response to our request, pursuant to 5 U.S.C. § 552(d).

If it is your position that any of the requested documents are exempted from disclosure requirements, we request that you provide a *Vaughn* index as required by *Vaughn v. Rosen*, 484 F. 2d 820 (D.C. Cir. 1973); *see also Roth v. U.S. Dept. of Justice*, 642 F. 3d 1161, 1185 (D.C. Cir. 2011) ("Under our case law, agencies invoking a FOIA exemption must provide a specific, detailed explanation of why the exemption applies to the withheld materials."). As you know, agencies are also required under FOIA to release "any reasonably segregable portions" of documents that may be partially exempt and to then prepare "an index relating any withheld portions to specific FOIA exemptions." *Lykins v. U.S. Dept. of Justice*, 725 F.2d 1455, 1466 (D.C. Cir. 1984).

Where possible, please provide responsive material in electronic format by email at Sam_Simon@judiciary-dem.senate.gov. Please send any responsive material being sent by mail to Richard Blumenthal, 706 Hart Senate Office Building, Washington, D.C. 20510.

**Request for Fee Waiver**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 32 C.F.R. § 1900.13(b)(2), we request a waiver of all fees associated with processing this records request. Disclosure of the records we request is in the public interest because, for the reasons stated above, they are likely to contribute significantly to public understanding of government operations and activities surrounding both Mr. Kavanaugh's role in the Bush Administration and more broadly in the process of Mr. Kavanaugh's confirmation hearings.

Disclosure of these records is in no way associated with any commercial interest of ours. Rather, we are requesting these documents to fulfill our constitutional duties as Senators, which require us to have a full and complete understanding of Mr. Kavanaugh's record, including his prior time in government.

Disclosure of the requested records will substantially serve the public interest by directly contributing significantly to the public understanding of the professional experience and record of Mr. Kavanaugh, who has been nominated to a lifetime appointment on the Supreme Court. As you know, the Senate is in the process of examining Mr. Kavanaugh's record as part of its constitutional duty to provide advice and consent on his nomination. The media has been covering the nomination process with vigor and concern over remarks made by the nominee of

questionable veracity,[1] criticism that he is a "highly conservative, partisan lawyer,"[2] the fact that he was 'pre-vetted' by the Federalist Society, an extreme right-wing organization,[3] and the troubling trail of dark money spenders supporting his nomination.[4] Mr. Kavanaugh spent five years as a high-ranking official in the George W. Bush Administration and media outlets from around the country have expressed widespread and exceptional interest in the records pertaining to his time there, as the public is rightfully concerned about the professional background of a nominee for a lifetime appointment on the nation's highest court.[5] Various media outlets have also expressed particular concern about what role Mr. Kavanaugh played in the Bush Administration's policies surrounding torture and detention as well as his misleading responses to Sen. Durbin's and Sen. Leahy's questions on that very topic during his confirmation to the D.C. Circuit.[6]

The consideration of a nominee to a lifetime appointment on the Supreme Court without the ability to fully assess his professional background, his honesty, and the extent of his involvement in the development of a torture policy directly implicates the public's confidence in government and the integrity of the White House, the Senate, and the Supreme Court. This widespread media interest highlights the threats to public confidence in government posed by a confirmation process conducted in the dark. This request is therefore entitled to a fee waiver pursuant to 32 C.F.R. § 1900.13(b)(2).

---

[1] Aaron Blake, *Brett Kavanaugh's First Claim as a Supreme Court Nominee Was Bizarre*, THE WASHINGTON POST, July 10, 2018, https://www.washingtonpost.com/news/the-fix/wp/2018/07/10/brett-kavanaughs-first-claim-as-a-supreme-court-nominee-was-bizarre/?utm_term=.6c3e9e8d4b5c.

[2] David G. Savage, *Brett Kavanaugh, a Washington Veteran, is Trump's Second Pick for the Supreme Court*, L.A. TIMES, July 9, 2018, http://www.latimes.com/politics/la-na-pol-brett-kavanaugh-supreme-court-20180709-story.html.

[3] Brian Dickerson, *Why Trump Outsourced his Biggest Decision*, DETROIT FREE PRESS, July 14, 2018, https://www.freep.com/story/opinion/columnists/brian-dickerson/2018/07/14/why-trump-outsourced-his-supreme-court-pick/782732002/.

[4] *In Supreme Court Battle, Secret Money Threatens Justice*, USA TODAY, July 23, 2018, https://www.usatoday.com/story/opinion/2018/07/23/supreme-court-battle-secret-money-threatens-justice-editorials-debates/799481002/; *see also*, Lydia Wheeler, *Kavanaugh Paper Chase Heats Up*, THE HILL, July 14, 2018, http://thehill.com/regulation/court-battles/396961-kavanaugh-paper-chase-heats-up (discussing the problems posed by Mr. Kavanaugh's "unusually lengthy paper trail"); Lisa Mascaro, *The Problem of Kavanaugh's Lengthy Paper Trail*, ASSOCIATED PRESS, July 21, 2018, https://www.apnews.com/fed6b6f0ebdb448b9ee4237c6e6737f4.

[5] Tony Mauro, *Activists Want to See SCOTUS Nominee Brett Kavanaugh's Documents—Now*, THE NATIONAL LAW JOURNAL, July 16, 2018, https://www.freep.com/story/opinion/columnists/brian-dickerson/2018/07/14/why-trump-outsourced-his-supreme-court-pick/782732002/.

[6] *See, e.g.*, Amy Davidson Sorkin, *What Brett Kavanaugh Must be Asked About Torture, Guantanamo, and Mass Surveillance*, The New Yorker, July 24, 2018, https://www.newyorker.com/news/daily-comment/what-brett-kavanaugh-must-be-asked-about-torture-guantanamo-and-mass-surveillance; Michael Kranish, *Kavanaugh's Role in Bush-era Torture Debate Now an Issue in his Supreme Court nomination*, Chicago Tribune, July 18, 2018, http://www.chicagotribune.com/news/nationworld/politics/ct-brett-kavanaugh-supreme-court-bush-torture-20180718-story.html; Alex Seitz-Wald, *Kavanaugh Documents Could Answer Decade-Old Question of Whether He Misled Congress*, NBC News, July 16, 2018, https://www.nbcnews.com/politics/supreme-court/kavanaugh-documents-could-answer-decade-old-question-whether-he-misled-n891436.

## Conclusion

We look forward to working with the Central Intelligence Agency to ensure the timely and exhaustive disclosure of all non-exempt records responsive to this request. If you have any questions about this request, please contact Sam Simon at Sam_Simon@judiciary-dem.senate.gov. If our request for a fee waiver is denied in part or in full, please contact us immediately upon making such a determination.

Sincerely,

RICHARD BLUMENTHAL
United States Senate

DIANNE FEINSTEIN
United States Senate

PATRICK LEAHY
United States Senate

RICHARD J. DURBIN
United States Senate

SHELDON WHITEHOUSE
United States Senate

AMY KLOBUCHAR
United States Senate

CHRISTOPHER A. COONS
United States Senate

MAZIE K. HIRONO
United States Senate

CORY A. BOOKER
United States Senate

KAMALA D. HARRIS
United States Senate