# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RICHARD BLUMENTHAL, *et al.*,

    *Plaintiffs*,

v.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*,

    *Defendants*.

Case No. 18-cv-2143 (RDM)

## ANSWER TO AMENDED COMPLAINT

The National Archives and Records Administration ("NARA"), the Central Intelligence Agency ("CIA"), and the Department of Justice ("DOJ") (collectively, "Defendants") hereby answer the numbered paragraphs of Plaintiffs' Amended Complaint, ECF No. 9, as follows:

1.    This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2.    This paragraph consists of Plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.

3.    This paragraph consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.

4.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, the factual allegations in this paragraph are denied, and NARA avers that it granted Plaintiffs' requests for expedited processing.

5.    This paragraph consists of legal conclusions to which no response is required.

6.    Admitted.

7. Admitted that NARA is an agency of the federal government. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

8. Admitted that CIA is an agency of the federal government. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

9. Admitted that DOJ is a Department of the Executive Branch of the United States Government with headquarters in the District of Columbia, and with components that include the Office of Legal Counsel ("OLC") and the Criminal Division. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.

10. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

11. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

12. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

13. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

14. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

15. Admitted that Plaintiffs submitted a FOIA request to NARA on August 8, 2018. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

16. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is deemed required, denied.

17. Admitted that NARA acknowledged receipt of the FOIA request by email no later than August 9, 2018.

18. Denied.

19. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the George W. Bush Presidential Library and Museum ("the Bush Library"). NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

20. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the Bush Library. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

21. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the Bush Library. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

22. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the Bush Library. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

23. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the Bush Library. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

24. Admitted that Plaintiffs submitted a second FOIA request to NARA on August 8, 2018, addressed to the Bush Library. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

25. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is deemed required, denied.

26. Admitted.

27. The allegations in this paragraph contain Plaintiffs' characterization of an August 9, 2018 email from the Bush Library to Plaintiffs, to which no response is required. NARA respectfully refers the Court to that email for a full and accurate statement of its contents.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Admitted that Plaintiffs submitted a FOIA request to the CIA on August 8, 2018. CIA respectfully refers the Court to the request for a full and accurate statement of its contents.

33. Admitted that Plaintiffs submitted a FOIA request to the CIA on August 8, 2018. CIA respectfully refers the Court to the request for a full and accurate statement of its contents.

34. Admitted that Plaintiffs submitted a FOIA request to the CIA on August 8, 2018. CIA respectfully refers the Court to the request for a full and accurate statement of its contents.

35. Admitted that Plaintiffs submitted a FOIA request to the CIA on August 8, 2018. CIA respectfully refers the Court to the request for a full and accurate statement of its contents.

36. Admitted.

37. Denied.

38. Admitted that Plaintiffs submitted FOIA requests to OLC and the Criminal Division on August 8, 2018.  DOJ respectfully refers the Court to those requests for full and accurate statements of their contents.

39. Admitted that Plaintiffs submitted FOIA requests to OLC and the Criminal Division on August 8, 2018.  DOJ respectfully refers the Court to those requests for full and accurate statements of their contents.

40. Admitted that Plaintiffs submitted FOIA requests to OLC and the Criminal Division on August 8, 2018.  DOJ respectfully refers the Court to those requests for full and accurate statements of their contents.

41. Admitted that Plaintiffs submitted FOIA requests to OLC and the Criminal Division on August 8, 2018.  DOJ respectfully refers the Court to those requests for full and accurate statements of their contents.

42. Admitted that Plaintiffs submitted FOIA requests to OLC and the Criminal Division on August 8, 2018.  DOJ respectfully refers the Court to those requests for full and accurate statements of their contents.

43. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required.  To the extent a response is deemed required, denied.

44. Admitted that DOJ's Office of Information Policy ("OIP") sent a letter to Plaintiffs and other members of the Senate Judiciary Committee on August 17, 2018.  DOJ respectfully refers the Court to that letter for a full and accurate statement of its contents.

45. Admitted that OIP sent a letter to Plaintiffs and other members of the Senate Judiciary Committee on August 17, 2018. DOJ respectfully refers the Court to that letter for a full and accurate statement of its contents.

46. Admitted that OIP sent a letter to Plaintiffs and other members of the Senate Judiciary Committee on August 17, 2018. DOJ respectfully refers the Court to that letter for a full and accurate statement of its contents.

47. Admitted that from approximately August 23, 2018 to September 4, 2018, Plaintiffs' representative engaged in email and telephone communications with DOJ regarding Plaintiffs' priorities and the processing of Plaintiffs' requests. With respect to the remaining allegations of this paragraph, DOJ lacks knowledge or information sufficient to form a belief about the truth of the allegations.

48. Denied.

49. Denied.

50. Denied.

51. Defendants repeat the answers in the foregoing paragraphs and incorporate them as though fully set forth herein.

52. The allegations in this paragraph consist of legal conclusions to which no response is required.

53. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

54. The allegations in the first sentence of this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is deemed required to the first sentence of this paragraph, denied. The second sentence

of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required to the second sentence of this paragraph, denied.

55. Denied.

56. Denied. NARA avers that it granted Plaintiffs' request for expedited processing.

57. Denied.

58. Defendants repeat the answers in the foregoing paragraphs and incorporate them as though fully set forth herein.

59. The allegations in this paragraph consist of legal conclusions to which no response is required.

60. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

61. Denied.

62. Denied.

63. Denied.

64. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

65. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

66. Defendants repeat the answers in the foregoing paragraphs and incorporate them as though fully set forth herein.

67. The allegations in this paragraph consist of legal conclusions to which no response is required.

68. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

69. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

70. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

71. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

72. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

73. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

74. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

75. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

76. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

The remaining paragraph of the Amended Complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Defendants deny any and all allegations of the Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject-matter jurisdiction with respect to some or all of Plaintiffs' claims. *See* 44 U.S.C. § 2204(b)(3).

2. Some or all of the requested documents and information are currently restricted from public access under the Presidential Records Act. *See* 44 U.S.C. § 2204(a).

3. Some or all of the requested documents and information are exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

4. Plaintiffs have failed to adequately exhaust administrative remedies with respect to some or all of their claims.

\* \* \*

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed in its entirety with prejudice, and that Defendants be given such other relief as this Court deems proper, including costs and disbursements.

Dated: October 18, 2018        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/   *Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11504
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

*Attorneys for Defendants*