# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD BLUMENTHAL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Case No. 18-cv-2143 (RDM) |

## JOINT STATUS REPORT

Pursuant to the Court's November 20, 2019 and May 21, 2020 Minute Orders, counsel for the parties, having conferred, jointly and respectfully provide the following status report in the above-captioned matter:

### National Archives and Records Administration (NARA)

1. All of the records responsive to Plaintiffs' FOIA request to NARA in this case are stored at the George W. Bush Presidential Library ("the Library"), which is currently closed due to the ongoing COVID-19 pandemic. Unfortunately, due to the highly sensitive nature of the Presidential records stored in NARA's Electronic Records Archives (ERA) system, the ERA system was configured to work onsite and cannot be readily accessed by employees while teleworking. And all of the relevant employees are currently teleworking, consistent with OMB guidance to maximize telework to the greatest possible extent during the ongoing pandemic. Accordingly, the Library is unable to process any new records responsive to Plaintiffs' request.

2. Records that had already been noticed for release through March 9, 2020, pursuant to the notification process required by the Presidential Records Act, have been released on schedule. *See* 44 U.S.C. § 2208. NARA made the final such production on June 3, 2020.

3. NARA management remains in the process of conducting an assessment to facilitate the eventual three-phased process of reopening its facilities across the country. NARA facilities will only open as local conditions allow and the criteria and requirements laid out by the Office of Management and Budget and the Office of Personnel Management, as detailed in M-20-23, "Aligning Federal Agency Operations with the National Guidelines for Opening Up America," are met. NARA anticipates that the first phase of reopening will allow a small number of staff limited access to the Library at any one time, which is likely to impact the volume and pace at which records can be processed.

4. As a result of these unusual circumstances, the parties have agreed that, until further notice, NARA will continue not to process any new records in response to Plaintiffs' FOIA requests.

5. Plaintiffs recognize the disruptions resulting from the nation's response to the pandemic and have been accommodating of the impacts of these disruptions on NARA's FOIA processing capabilities. As stated in previous Joint Status Reports, Plaintiffs' position remains that it is the responsibility of every federal agency, including NARA, to develop a plan for meeting the agency's legal obligations under FOIA, in the event that these disruptions continue for an extended period of time.

6. No later than 30 days from the date of this filing, the parties will meet and confer to discuss the current status of NARA's ability to process new records for notification and release.

The parties intend to provide an update for the Court about those discussions in their next joint status report. Plaintiffs reserve the right to seek relief from the Court before that date, if necessary.

### Central Intelligence Agency (CIA)

7. As discussed in prior status reports, on March 1, 2019, CIA made its final response to Plaintiffs' FOIA request to CIA (producing some records in redacted form, withholding some records in full, and referring some records to other entities within the Executive Branch). *See* ECF No. 34. A referral to Department of Justice's Office of Legal Counsel remains pending. Plaintiffs have reviewed CIA's productions and have requested draft *Vaughn* information. As required by the Court's standing order, CIA will provide that information prior to seeking a pre-motion conference in connection with any future summary-judgment briefing in this case.

8. Plaintiffs continue to hope to receive additional information well in advance of summary judgment proceedings to evaluate CIA's exemption positions to narrow the issues in dispute. Absent sufficient additional information, Plaintiffs anticipate challenging CIA's exemption claims at summary judgment.

9. The parties respectfully request a further opportunity to continue to discuss the nature of further proceedings with respect to Plaintiffs' FOIA request to CIA.

### Department of Justice – Criminal Division

10. As discussed in prior status reports, on February 22, 2019, pursuant to the parties' prior scheduling agreement, the Criminal Division completed its processing of Plaintiffs' previously identified "priority tiers" of records. The Criminal Division withheld some records in full, and also referred other records to other DOJ components for a final response to Plaintiffs' requests. Plaintiffs have now received a final response on behalf of OLP and OLA regarding the referred Criminal Division records (from DOJ's Office of Information Policy (OIP)).

Accordingly, it is now the position of Criminal Division that it has fully completed its response to Plaintiffs' FOIA request, including with respect to the referred records. The Criminal Division has also provided certain draft *Vaughn* information to Plaintiffs as well as certain additional non-exempt portions of responsive records to Plaintiffs. The parties respectfully request a further opportunity to continue to discuss whether Plaintiffs are satisfied with the Criminal Division's response to their FOIA request, and the nature of further proceedings (if any) with respect to Plaintiffs' FOIA request to the Criminal Division.

### **Department of Justice – Office of Legal Counsel (OLC)**

11. Pursuant to the Court's October 10, 2019 Minute Order, OLC is under a court-ordered obligation to process at least 400 pages per month in this case. OLC now requests that this order be temporarily modified slightly, to allow for the processing of 800 pages over a period of two months (*i.e.*, through the end of September).

12. As explained in the parties' prior joint status report, OLC employees, including the personnel involved in processing this and other FOIA requests, are following the latest directives from OMB to engage in telework to the maximum extent possible. At least at this time, most OLC FOIA processing is continuing in a remote-telework environment, but the process of reviewing and clearing monthly responses is necessarily made substantially more difficult. And the process of engaging in necessary consultations with other entities within the Executive Branch is much less predictable than under ordinary circumstances, as each agency is affected in different ways. Some agencies, for example, conduct all (or virtually all) FOIA processing in a classified environment, which is not accessible to teleworking employees. And the processing of this FOIA request, in particular, has required (and will likely continue to require) extensive consultations with other entities within the Executive Branch. The added flexibility of the proposed modification

will allow OLC's FOIA processing in this case to continue at the same overall rate, while accounting for these complications in the short term. It is possible that OLC will need to seek a more substantial alteration of the processing schedule in this case in the future, and it reserves the right to do so if necessary.

13. The Court approved (with Plaintiffs' consent) a similar request in its March 24, 2020 and May 21, 2020 Minute Orders.

14. Plaintiffs consent to OLC's current request. Plaintiffs reserve the right to object to any future proposals to further alter the schedule regarding OLC's production obligations.

### Future Joint Status Reports

15. Pursuant to the Court's minute order of November 20, 2019, the parties will file their next joint status report on September 21, 2020, and then every 60 days thereafter.

Dated: July 21, 2020

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 200005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: Stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

*/s/ Katherine M. Anthony*
Katherine M. Anthony, D.C. Bar No. 1630524
Austin R. Evers, D.C. Bar No. 1006999
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
katherine.anthony@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiffs*