UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD BLUMENTHAL, *et al.*,

    *Plaintiffs*,

v.

U.S. NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION, *et al.*,

    *Defendants*.

Case No. 18-cv-2143 (RDM)

## JOINT STATUS REPORT

Pursuant to the Court's November 20, 2019 Minute Order, counsel for the parties, having conferred, jointly and respectfully provide the following status report in the above-captioned matter:

### National Archives and Records Administration (NARA)

1. All of the records responsive to Plaintiffs' FOIA request to NARA in this case are stored at the George W. Bush Presidential Library ("the Library"), which is currently closed due to the ongoing COVID-19 pandemic. Unfortunately, due to the highly sensitive nature of the Presidential records stored in NARA's Electronic Records Archives (ERA) system, the ERA system was configured to work onsite and cannot be readily accessed by employees while teleworking. And all of the relevant employees are currently teleworking, consistent with OMB guidance to maximize telework to the greatest possible extent during the ongoing pandemic. Accordingly, the Library is currently unable to process any new records responsive to Plaintiffs' request.

2. Records that had already been noticed for release through March 9, 2020, pursuant to the notification process required by the Presidential Records Act, have been released on schedule. *See* 44 U.S.C. § 2208. NARA made the final such production on June 3, 2020.

3. On September 21, 2020, NARA announced that, based on local conditions and the criteria and requirements laid out by the Office of Management and Budget and the Office of Personnel Management, as detailed in M-20-23, "Aligning Federal Agency Operations with the National Guidelines for Opening Up America," the Library can enter the first phase of a three-phased reopening process starting on October 1, 2020. During this first phase of reopening, onsite staff at the Library will be limited to 10-20 percent of normal occupancy, staff will be limited to shifts of no more than six hours per day, and staff will be scheduled for onsite work on a voluntary basis. Although NARA intends to resume processing of this request as part of the Phase 1 reopening of the Library, the limitations imposed during this phase are likely to impact the volume and pace at which records can be processed.

4. The parties had previously agreed that, until further notice, NARA would not process any new records in response to Plaintiffs' FOIA requests, as a result of the unusual circumstances of the ongoing pandemic. Now that the Library will soon be entering Phase 1, NARA will consult with Plaintiffs regarding its processing capacity once it receives access to the building, and no later than 30 days from the date of this filing.

5. Plaintiffs recognize the disruptions resulting from the nation's response to the pandemic and have been accommodating of the impacts of these disruptions on NARA's FOIA processing capabilities. As stated in previous Joint Status Reports, Plaintiffs' position remains that it is the responsibility of every federal agency, including NARA, to develop a plan for meeting

the agency's legal obligations under FOIA, particularly now that it has become evident that these disruptions will likely continue for an extended period of time.

6. No later than 30 days from the date of this filing, the parties will meet and confer to discuss the current status of NARA's ability to process new records for notification and release. The parties intend to provide an update for the Court about those discussions in their next joint status report. Plaintiffs reserve the right to seek relief from the Court before that date, if necessary.

## Central Intelligence Agency (CIA)

7. As discussed in prior status reports, on March 1, 2019, CIA made its final response to Plaintiffs' FOIA request to CIA (producing some records in redacted form, withholding some records in full, and referring some records to other entities within the Executive Branch). *See* ECF No. 34. A referral to Department of Justice's Office of Legal Counsel remains pending. Plaintiffs have reviewed CIA's productions and have requested draft *Vaughn* information. As required by the Court's standing order, CIA will provide that information prior to seeking a pre-motion conference in connection with any future summary-judgment briefing in this case.

8. Plaintiffs continue to hope to receive additional information well in advance of summary judgment proceedings to evaluate CIA's exemption positions to narrow the issues in dispute. Absent sufficient additional information, Plaintiffs anticipate challenging CIA's exemption claims at summary judgment.

9. The parties respectfully request a further opportunity to continue to discuss the nature of further proceedings with respect to Plaintiffs' FOIA request to CIA.

**Department of Justice – Criminal Division**

10. Since the parties' most recent status report, the parties have now resolved all of Plaintiffs' claims arising from their FOIA request to the Department of Justice's Criminal Division.

11. Although Plaintiffs have now agreed to dismiss all of their claims arising from their FOIA request to the Criminal Division, the Department of Justice will remain a Defendant in this case, because of ongoing productions from the Department of Justice's Office of Legal Counsel. *See infra*.

**Department of Justice – Office of Legal Counsel (OLC)**

12. Pursuant to the Court's October 10, 2019 Minute Order, OLC is under a court-ordered obligation to process at least 400 pages per month in this case. OLC previously requested (with Plaintiffs' agreement) that this order be temporarily modified slightly, to allow for the processing of 800 pages over a period of two months. Because OLC is nearing completion of the processing of the previously-agreed category of records and will not have 800 pages in that category to process before the end of September, OLC now requests readjusting its obligations slightly to allow for the processing of all remaining documents from the previously-agreed category of records (in an amount under 800 pages) by September 30, 2020 (with the exception of any such documents for which further consultations with other Executive Branch entities are necessary), and the balance of pages plus 400 additional pages by the end of October. The parties are conferring over which documents should be prioritized for processing next.

13. As explained in the parties' prior joint status reports, OLC employees, including the personnel involved in processing this and other FOIA requests, are following the latest directives from OMB to engage in telework to the maximum extent possible. At least at this time,

most OLC FOIA processing is continuing in a remote-telework environment, but the process of reviewing and clearing monthly responses is necessarily made substantially more difficult. And the process of engaging in necessary consultations with other entities within the Executive Branch is much less predictable than under ordinary circumstances, as each agency is affected in different ways. Some agencies, for example, conduct all (or virtually all) FOIA processing in a classified environment, which is not accessible to teleworking employees. And the processing of this FOIA request, in particular, has required (and will likely continue to require) extensive consultations with other entities within the Executive Branch. The added flexibility of the proposed modification will allow OLC's FOIA processing in this case to continue at the same overall rate, while accounting for these complications in the short term. It is possible that OLC will need to seek a more substantial alteration of the processing schedule in this case in the future, and it reserves the right to do so if necessary.

14. The Court approved (with Plaintiffs' consent) a similar request in its March 24, 2020, May 21, 2020, and July 22, 2020 Minute Orders.

15. Plaintiffs consent to OLC's current request. Plaintiffs reserve the right to object to any future proposals to further alter the schedule regarding OLC's production obligations.

### Future Joint Status Reports

16. Pursuant to the Court's minute order of November 20, 2019, the parties will file their next joint status report on November 20, 2020, and then every 60 days thereafter.

Dated: September 21, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 200005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: Stephen.pezzi@usdoj.gov

*Attorneys for Defendants*

*/s/ Katherine M. Anthony*
Katherine M. Anthony, D.C. Bar No. 1630524
Austin R. Evers, D.C. Bar No. 1006999
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
katherine.anthony@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiffs*