IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD BLUMENTHAL,** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**U.S. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION**, *et al.*,<br><br>*Defendants*. | Case No. 18-cv-2143 (RDM) |

## MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 60(a) and Local Rule 83.2(c), Plaintiffs respectfully move this Court for reconsideration of its September 20, 2023 Minute Order denying in part Plaintiffs' motion to admit Elizabeth Haddix *pro hac vice*, ECF No. 70. Pursuant to Local Rule 7(m), counsel for the parties have conferred and the government takes no position on this motion. In support of this motion, Plaintiffs offer the following:

1. The Court bases its partial denial of Plaintiffs' motion on certain language in the comment to Local Rule 83.2(c), specifically: "as a general matter, attorneys who engage in the practice of law from an office located in the District of Columbia and who file papers in this Court should be a member of the Bar of this Court and the District of Columbia Bar." Accordingly, the Court ruled that Ms. Haddix may "appear pro hac vice in this case, except that she may not file papers in it." September 20, 2023 Minute Order.

2. Plaintiffs submit that the Court imported to this comment more meaning than a full reading, historical context, and the practicalities of litigating in this District may warrant. Plaintiffs do not dispute that, "as a general matter," attorneys practicing in this district

should be a member of the local Bar and the Bar of this Court. However, Rule 83.2(c) allows for attorneys falling outside this "general" situation—namely, in relevant part, those who are newly practicing on behalf of a D.C.-based organization with applications for admission to the D.C. Bar pending—to nonetheless participate before this Court "in all respects." Accordingly, Plaintiffs respectfully request that this Court reconsider its September 20, 2023 Minute Order, and grant in full their motion to admit Elizabeth Haddix *pro hac vice*.

*Background*

3. Plaintiffs are represented by American Oversight, a D.C.-based 501(c)(3) non-profit organization that employs attorneys to represent itself and clients in litigation related to open records laws federally and around the country. Historically, American Oversight has both (a) hired attorneys (including the undersigned) barred in other states who relocated to the District of Columbia for the employment opportunity, and (b) hired attorneys (including Ms. Haddix) who work remotely and are barred in their current physical location. American Oversight understands both situations to be common in this locality.[1]

4. In all such cases at American Oversight, the relevant attorneys have taken prompt steps to apply for D.C. Bar membership and practiced under the supervision of D.C.-barred attorneys—including before this Court pursuant to approved *pro hac vice* motions—while their applications remained pending.

---

[1] In the post-pandemic world in particular, remote work arrangements have become increasingly common for American Oversight and many other organizations.

*History of Local Rule 83.2 and Its Comments*

5. Local Rule 83.2 was amended in May 2022,[2] and the comment quoted by the Court in its Minute Order appears, in identical form, appended to both the prior and amended versions.

6. The prior version of the Rule distinguished between "practice" by non-members of this Court's Bar, L.R. 83.2(c) (July 2019)[3] and "participation," pursuant to a *pro hac vice* motion, by non-members of this Court's Bar, L.R. 83.2(d) (July 2019). Under the prior version of Rule 83.2(c), non-members could practice, *i.e.*, "file papers," only if they "join[ed] of record a member in good standing of the Bar of this Court," L.R. 83.2(c)(1) (July 2019), but attorneys practicing from an office located in the District of Columbia were explicitly excluded from this allowance, L.R. 83.2(c)(2) (July 2019).

7. However, Local Rule 83.2(d) still permitted non-members of this Court's Bar, including those practicing from an office located in the District of Columbia, to "participat[e]," by seeking to appear *pro hac vice* by motion filed by a sponsoring member of the Bar. L.R. 83.2(d) (July 2019). This provision required the applicant to submit a declaration setting forth, in relevant part, "whether the attorney, if the attorney engages in the practice of law from an office located in the District of Columbia, is a member of the District of Columbia Bar or has an application for membership pending," *id.* at 83.2(d)(6), indicating that the Rule contemplated permitting such an attorney to appear

---

[2] A copy of the May 2022 amendment, including a redline reflecting the revisions, is attached hereto as Exhibit A.

[3] An excerpt from the Court's Local Rules effective as of July 2019, reflecting the prior version of Rule 83.2, including its comments, is attached hereto as Exhibit B.

*pro hac vice*, whether they were admitted to the District of Columbia Bar, or merely had an application for admission pending.

8. The 2022 amendment to the rule did away with the "practice" vs. "participation" distinction, including the provision barring attorneys practicing from the District of Colombia from "practic[ing]" in this Court. Instead, the amended rule provides that *any* non-member of this Court's Bar may request to appear *pro hac vice*, and upon approval of such motion, "may participate in the particular case *in all respects*." L.R. 83.2(c)(1) (emphasis added). The amendment also moved the prior version of Rule 83.2(d)—laying out the details to be included in the declaration supporting a *pro hac vice* motion—in substantially similar form, into a new subsection (c)(2), including the requirement that the applicant state "whether the attorney, if the attorney engages in the practice of law from any office located in the District of Columbia, is a member of the District of Columbia Bar or has an application for membership pending." L.R. 83.2(c)(2).

9. Notably, the comment to both versions of Rule 83.2(c)(2) is identical, stating:

> LCvR 83.2(c)(2) *has been added* to conform the Rules of this Court to the current practice of the District of Columbia Committee on Unauthorized Practice, and to recognize that, as a general matter, attorneys who engage in the practice of law from an office located in the District of Columbia and *who file papers* in this Court should be a member of the Bar of this Court and the District of Columbia Bar.

*Compare* Comment to L.R. 83.2(c)(2) (July 2019) *with* Comment to L.R. 83.2(c)(2) (May 2022) (emphases added). While the prior version of Rule 83.2(c) references whether an attorney may "file papers," the current version does not, suggesting that the "Comment to LCvR 83.2(c)(2)" may have been mistakenly transferred along with the amendment.

*Analysis: Local Rule 83.2(c) Contemplates
Allowing D.C.-Based Attorneys to Appear and File Papers
Before this Court While their D.C. Bar Applications Are Pending*

10. The historical context of Rule 83.2(c) and its comments, as well as the practical realities of legal practice in this District, demonstrate that the Rule permits attorneys, like Ms. Haddix, who have recently secured employment with a D.C.-headquartered firm or organization, and have taken steps to become members of the District of Columbia Bar but have not yet been admitted, to fulfill the duties they have been hired to perform. This has been the practice of this District for years, under both the previous wording of Rules 83.2(c)–(d) and the current version of Rule 83.2(c), described above. This Court has granted such motions twice in the above-captioned matter pursuant to the prior version of the rule.[4] Moreover, in American Oversight's experience, other courts in this District have granted such motions, in full, under both versions of the Rule, with no exceptions known to the undersigned or others at American Oversight.[5]

11. Indeed, there is nothing in Rule 83.2(c) or its comment to prevent the Court from permitting Ms. Haddix to appear *pro hac vice* in this matter and participate fully, including by filing papers. Taken together, the full language of the Comment to

---

[4] *See* Sept. 25, 2018 Minute Order granting Motion for Leave to Appear *Pro Hac Vice* on Behalf of Katherine M. Anthony; July 17, 2021 Minute Order granting Motion for Leave to Appear *Pro Hac Vice* on Behalf of Sarah M. Colombo. Both Ms. Anthony and Ms. Colombo were later admitted to the D.C. Bar and then to the Bar of this Court.

[5] *See, e.g.*, *Am. Oversight v. U.S. Dep't of State*, No. 19-cv-3058-CRC, July 17, 2023 Minute Order granting ECF No. 44, Motion for Leave to Appear *Pro Hac Vice* on Behalf of Benjamin A. Sparks; *Am. Oversight v. U.S. Dep't of Justice et al.*, No. 19-cv-774-CJN, Oct. 25, 2022 Minute Order granting ECF No. 42, Motion for Leave to Appear *Pro Hac Vice* on Behalf of Rachel L. Baron; *Am. Oversight v. U.S. Dep't of Defense et al.*, No. 21-cv-2800-TSC, Jan. 21, 2022 Minute Order granting ECF No. 5, Motion for Leave to Appear *Pro Hac Vice* on Behalf of John Zachery Morris. Mr. Sparks' application for admission to the D.C. Bar is pending. Ms. Baron and Mr. Morris were subsequently admitted to the D.C. Bar and then to the Bar of this Court.

Rule 83.2(c), the import of Local Rule 83.2(c)'s *pro hac vice* admission requirements, the actual changes to the Rule in 2022, and the fact that the comment precedes those changes, rather than explains them, makes this conclusion clear. Local Rule 83.2(c) was amended to permit attorneys who are members "in good standing of the bar of any United States court or of the highest court of any state," but not members of the bar of this Court, to be admitted *pro hac vice* and "participate . . . in all respects," L.R. 83.2(c)(1), provided they comply with the requirements enumerated in Local Rule 83.2(c)(2). For those practicing from an office located in the District of Columbia, those requirements include a declaration setting forth that the attorney is *either* a member of the District of Columbia Bar "*or* has an application for membership pending." L.R. 83.2(c)(2)(6) (emphasis added). Neither the current nor the prior version of the Rule suggested that such an attorney should not be admitted *pro hac vice* in full, assuming all other requirements were met.

12. Ms. Haddix has complied with the requirements of Local Rule 83.2(c)(2), including confirming that she has applied for admission to the District of Columbia Bar. As set forth in Ms. Haddix's Declaration accompanying the Motion for Admission *Pro Hac Vice*, her application is pending.

13. In American Oversight's experience, the District of Columbia Bar has taken months and even a full year or slightly more to process applications for admission. While the undersigned and other D.C.-barred attorneys in American Oversight's office will supervise Ms. Haddix's work in this District while her application remains pending, due to workload constraints, Plaintiffs need to be able to rely on Ms. Haddix to, when necessary, "participate . . . in all respects," L.R. 83.2(c)(1), including filing papers on

their behalf—which is routinely allowed for attorneys appearing *pro hac vice* while awaiting the results of their applications for admission.

14. To interpret the comment language, as the Court did here, to undermine the purpose of *pro hac vice* admission, which in relevant part is to enable qualified non-members of the bar to file papers and otherwise appear on behalf of their clients while their applications for admission to the District of Columbia Bar are pending, would be contrary to the plain language of Local Rule 83.2(c)(1) and (2). Such interpretation would also place an unjust burden on non-profits such as American Oversight, which, particularly in light of the new "remote work" reality created by the pandemic, depend on the work of attorneys living and barred in other states.

For the foregoing reasons, Plaintiffs respectfully ask the Court to reconsider its September 20, 2023 Minute Order and grant in full their motion to admit Ms. Haddix *pro hac vice*.

Dated: October 6, 2023

Respectfully submitted,

*/s/ Katherine M. Anthony*
Katherine M. Anthony
D.C. Bar No. 1630524
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
katherine.anthony@americanoversight.org

*Counsel for Plaintiffs*